

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/07

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DOUGLAS W. HEIM<br>*Assistant Corporation Counsel*<br>phone: (212) 788-1298<br>fax: (212) 788-9776<br>dheim@law.nyc.gov |

# MEMO ENDORSED

September 17, 2007

**RECEIVED SEP 18 2007 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.**

**BY HAND**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Louis Torres v. City of New York, et al., 07 Civ. 7355 (PKC)

Your Honor:

*[Handwritten endorsement: Application granted. Time to respond extended to November 16. SO ORDERED. /s/ PKC USDJ 9-18-07]*

   I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to the above-referenced case representing the City of New York ("City"). I write with respect to the above-referenced matter in which plaintiff alleges that defendants falsely arrested and subjected him to excessive force. Defendant City respectfully requests an extension of time to respond to the complaint from September 17, 2007 until November 16, 2007. Plaintiff's counsel consents to this request.

   There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendant City can access the information, properly assess the case, and respond to this complaint.

   Additionally, because plaintiff has alleged injuries as a result of the alleged misconduct be defendants, this office is also in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so defendant City can properly assess the case and respond to the complaint.

Finally, according to plaintiff's counsel, the individually named defendant Officer Braham has been served in this matter. This office has not yet discussed this matter with Officer Braham and we make no representations herein as to the adequacy of process of defendant Officer Braham. Without making any representations on his behalf regarding the adequacy of service or otherwise, we also ask that the extension of time to answer or respond to the Complaint also be extended for defendant Braham. Should the Court grant this enlargement, this office, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, would have time to determine whether we may represent the individually named defendant in this matter. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension or adjournment has been made in this action. Accordingly, we respectfully request that defendants' time to respond to the complaint be extended until November 16, 2007

Thank you for your consideration herein.

Respectfully submitted,

Douglas W. Heim (DH 5238)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Christopher Galiardo, Esq. (by fax: 212-986-6250)
Myers & Galiardo, LLP
122 East 42nd Street
Suite 2710
New York, New York 10168

2