UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LOUIS TORRES,

                                Plaintiff,

                   -against-

THE CITY OF NEW YORK, P.O. DAVE BRAHAM, and
P.O.s "JOHN DOES" #1-5 (said names being fictitious as
the true names are presently unknown), Individually and in
their Official Capacities.

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY AND BRAHAM**

07 Civ. 7355 (PKC)

JURY TRIAL DEMANDED

       Defendants City of New York ("City") and P.O. Dave Braham ("Braham"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed and invoke the jurisdiction of the Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. The allegations set forth in paragraph "6" of the complaint are not averments of fact, as such no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipality and that it maintains a police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that defendant Braham is employed by the City of New York as a police officer and state that the allegation concerning "acting under color of law" constitutes a legal conclusion to which no response is required.

10. The allegations set forth in paragraph "10" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was present in the subway station on or about 1:00 p.m. on November 27, 2006.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was instructed to pick up his Metrocard.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was taken to a room.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was told he was being arrested.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was placed in handcuffs.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was charged with Resisting Arrest and Disorderly Conduct.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Admits the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff accepted anAdjournent in Contemplation of Dismissal on or about March 20, 2007.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that a document purporting to be a "notice of claim" was received by the City of New York on or about January 30, 2007.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, exceot admit that the purported claim has not been paid.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that the complaint was filed with the Court on or about August 17, 2007.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants City and Braham repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as is fully set forth herein.

32. The allegations set forth in paragraph "32" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants City and Braham repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as is fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants City and Braham repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as is fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein

45. In response to the allegations set forth in paragraph "45" of the complaint, defendants City and Braham repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as is fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint., except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants City and Braham repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as is fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint, except admit that plaintiff was arrested.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

- 6 -

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants City and Braham repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as is fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint, and all its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

66. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

67. Defendants City and Braham have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

68.     Defendant Braham has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

69.     At all times relevant to the acts alleged in the complaint, defendant Braham acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

70.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable or negligent conduct of others and was not the proximate result of any act of the defendants City or Braham.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

71.     Punitive damages cannot be assessed against defendant City.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

72.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

73.     Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

74.     There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

75.     This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

76.     This action may be barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** defendants City and Braham request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          November  16, 2007

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>  City of New York
>Attorney for Defendants City and Braham
>100 Church Street, Room 3-153
>New York, New York 10007
>(212) 788-1298
>
>By:          /S/
>       Douglas W. Heim
>       Assistant Corporation Counsel